IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW JOEY DELGADO,

      Plaintiff,

vs.                                                                                                 No. 1:19-cv-00039-KWR-SCY

CORRECTIONAL OFFICER FUENTES,
SARGANT TORRES,
STIU OFFICER MENDOZA,
MEDICAL PRACTITIONER,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on the Prisoner's Civil Rights Complaint filed by Plaintiff Andrew Joey Delgado (Doc. 1). The Court determines that Plaintiff's federal claims are barred by the doctrine of claim preclusion, **DECLINES** to exercise supplemental jurisdiction over any state law claims and **DISMISSES** the Complaint.

**Factual and Procedural Background**

Plaintiff filed his Prisoner's Civil Rights Complaint in this case on January 16, 2019. (Doc. 1). He names, as Defendants Correctional Officer Fuentes, Sargant (sic) Torres, STIU Officer Mendoza and Medical Practitioner (Female #1). (Doc. 1 at 1, 3). His Complaint alleges "Deliberate Indifference to a Serious Medical Need and Reckless Endangerment." (Doc. 1 at 2). He claims (1) "the actions of Defendants violated Plaintiff's 8th Amendment Right, to be free from cruel and unusual punishment under the United States Constitution" and "the actions of the Defendants violated Plaintiff's New Mexico Constitutional Rights, to be free from cruel and unusual punishment." (Doc. 1 at 2, 4). His alleged claims arise out of a May 3, 2014 incident where he was starting to clean his cell when the cell door closed breaking his hand and wrist. (Doc.

1

1 at 4). He alleges deliberate indifference and inadequate care of the hand and wrist injury during the time from May 4, 2014 to June 18, 2014. (Doc. 1 at 4-6).

Plaintiff Delgado filed a prior case on August 3, 2015, raising the same as well as additional claims in a Prisoner's Civil Rights Complaint. *See Delgado v. New Mexico Department of Corrections, et al.,* No. CV 15-00676 WJ/CG. Although that Complaint named entity Defendants that employed Defendants, rather than individual defendants, it asserted the same claims (CV 15-00676 Doc. 1 at 1,3), was based on the same factual allegations (CV 15-00676 Doc. 1 at 4), alleged the same injuries (CV 15 00676 Doc. 1 at 4), and sought compensatory and punitive damages (CV 15-00676 Doc. 1 at 9). The Court dismissed the Complaint against four entity defendants, Lea County Correctional Facility, New Mexico Department of Corrections, Corizon Medical Services and GEO Group for failure to state a § 1983 claim for relief on October 29, 2015 and granted Plaintiff leave to amend. (CV 15-00676 Doc. 10).

Plaintiff then filed an Amended Complaint on November 23, 2015 that was in a different format but asserted essentially the same claims against a number of individual defendants. (CV 15-00676 Doc. 12). The Amended Complaint again raised claims of medical negligence and cruel and unusual punishment. (CV 15-00676 Doc. 12 at 3). The claims similarly arose out of the May 3, 2014 hand and wrist injury and subsequent treatment of that injury. (CV 15-00676 Doc. 12 at 3).

Following submissions of a *Martinez* Report and a Supplemental *Martinez* Report, the Defendants moved for summary judgment in their favor. (CV 15-00676 Doc. 65, 90). The Magistrate Judge issued Proposed Findings and a Recommended Decision ("PFRD") on August 29, 2018, recommending granting summary judgment and dismissing the case with prejudice. (CV 15-00676 Doc. 98). The PFRD specifically noted that Delgado alleged he had shown his hand to

guards and nurses following the May 3, 2014 incident but did not receive treatment. (CV 15-00676 Doc. 98 at 2). The PFRD also indicated that Delgado highlighted the delay between the injury and initial treatment. (CV 15-00676 Doc. 98 at 4-5). The PFRD analyzed Plaintiff Delgado's claims regarding the delay in treatment following the injury, discussed the actions of the guards and nurses, including those of Defendant Fuentes, and concluded that those actions did not constitute deliberate indifference in violation of the 8th Amendment. (CV 15-00676 Doc. 98 at 12-13, 21-22). On September 28, 2018, the Court adopted the Magistrate Judge's PFRD, dismissed the case with prejudice, and entered final Judgment. (CV 15-00676 Doc. 99, 100).

## Analysis of Plaintiff Delgado's Claims

Claim preclusion prohibits parties from relitigating claims "arising out of the same transaction, or series of connected transactions, as a previous suit." *Yapp v. Excel Corp.,* 186 F.3d 1222, 1227 (10th Cir. 1999) (internal quotation omitted). Claim preclusion requires (1) a final judgment on the merits in an earlier action; (2) identity of the parties or privies in the two suits; and (3) identity of the cause of action in both suits. *Wilkes v. Wyoming Dept. of Employment Div. of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2002). The Tenth Circuit applies the "transactional" approach from § 24 of the *Restatement (Second) of Judgments* to determine what constitutes a "cause of action" for claim preclusion. A "cause of action" includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. *Wilkes*, 314 F.3d at 504.

The doctrine of claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim. When a judgment is rendered for a defendant, the plaintiff's claim is extinguished and the judgment acts as a bar to further relief. The goal of claim preclusion is to avoid multiple suits and determinations on identical issues

between the same parties. *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.,* 575 F.2d 530, 535-36 (5th Cir. 1978).

Delgado's federal claims against all Defendants are barred by the doctrine of claim preclusion. All of Delgado's claims in this case as well as in No. CV 15-00676 WJ/CG arise out of his hand and wrist injury and medical treatment for it at the prison facility. (Doc. 1 at 2-7; CV 15-00676 WJ/CG Doc. 1 at 3, 4; Doc. 12 at 3; Doc. 98 at 2, 4-5, 12-13, 21-22). The claims and legal theories of recovery arise from the same transaction, event, or occurrence and constitute the same cause of action for purposes of claim preclusion. *Wilkes,* 314 F.3d at 504. Delgado identified individual officials and their employing entities as Defendants in this case and in No. CV 15-00676. (CV 15-00676 Doc. 1 at 3, 4; Doc. 12 at 3). Last, Delgado was given a full and fair opportunity to litigate his claims and there has been a final adjudication on the merits in his prior action. (CV 15-00676 Doc. 10, 98, 99, 100). All the elements of claim preclusion are present in this case. *Wilkes,* 314 F.3d at 504.

Delgado may not seek to relitigate the same cause of action he has already litigated in a previous case. The prior Judgment rendered in CV 15-00676 WJ/CG extinguished the Plaintiff's federal claims and the Judgment acts as a bar to further relief. The goal of claim preclusion, to avoid multiple suits and determinations on identical issues between the same parties, is met in this case. *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.,* 575 F.2d at 535-36. The Court will dismiss Delgado's § 1983 claims as barred by the doctrine of claim preclusion.

Plaintiff makes reference in his Complaint to the New Mexico Constitution. (Doc. 1 at 4). Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is

discretionary. *See* § 1367(c).  Under § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley,* 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, (2006).

The U.S. Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Amer. v. Gibbs,* 383 U.S. 715, 726 (1966). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City,* 660 F.3d 1228, 1248 (10th Cir.2011); *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

This Court previously dismissed Plaintiff's federal claims.  (CV 15-00676 Doc.10, 99, 100). The Court is again dismissing all federal claims in this case.  Consistent with its prior decision, to the extent the Complaint alleges any claims under New Mexico law, the Court declines to exercise supplemental jurisdiction over Plaintiff Delgado's remaining state-law claims, if any, and will dismiss those claims without prejudice. *Osborn v. Haley,* 549 U.S. at 245.[1]

**IT IS ORDERED:**

(1)  all federal claims in the Complaint for Violation of Civil Rights filed by Plaintiff Andrew Joey Delgado (Doc. 1) are **DISMISSED WITH PREJUDICE** based on the doctrine of claim preclusion; and

---

[1] The Court also notes that Plaintiff Delgado's claims all arise from events occurring in May and June 2014.  His Complaint was not filed until January 16, 2019, more than four years after the events in question. Therefore, all claims in this case are also subject to dismissal as barred by the three-year statute of limitations.  N.M.Stat.Ann. § 37-1-8 (1978). *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014).

(2) the Court declines to exercise supplemental jurisdiction over any state law claims and those claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**